No. 25,418.

THE STATE OF KANSAS, *Appellee,* v. CLIFFORD PALMER, *Appellant.*

SYLLABUS BY THE COURT.

LIQUOR LAW—*Evidence Supports Finding of Unlawful Possession of Intoxicating Liquor.* The evidence is examined and held sufficient to sustain a conviction of unlawful possession of intoxicating liquor.

Appeal from Shawnee district court, division No. 2; GEORGE H. WHITCOMB, judge. Opinion filed April 5, 1924. Affirmed.

*Charles E. Thompson,* of Kansas City, for the appellant.

*Charles B. Griffith,* attorney-general, *Tinkham Veale,* county attorney, and *Ralph H. Gaw,* assistant county attorney, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: Appellant was convicted of being a persistent violator of the intoxicating liquor law in that having been previously convicted he had intoxicating liquor in his possession for an unlawful purpose. It is not contended that there was lack of evidence of the previous conviction. It is contended that there was no competent evidence to show that at the time charged in this case he was in possession of intoxicating liquor. Five peace officers, armed with a search warrant, went to search the cottage where appellant was found. Three of them went to the front door and two to the rear.

The State v. Palmer.

Appellant's sister met the officers at the front door and demanded a warrant. One of the officers produced the warrant when a crash was heard as though something was broken in the house. The officers rushed in, found appellant alone in the bathroom, picking up a small rug on which there was broken glass and which was partially saturated with corn whisky, and some of the whisky was on the floor of the bathroom. Evidently a gallon glass jug or bottle of corn whisky had just been broken over the stool of the toilet in the bathroom, and part of it spilled upon the floor. There were two other men and one other woman in the cottage at the time. By their testimony none of them was in the bathroom at the time of the crash. There was evidence that appellant's sister rented the house and lived there, and that appellant had come that day from Kansas City for a visit. Appellant contends this is not sufficient to prove that he was in possession of the jug of liquor which was broken. Quite on the contrary, it is ample to establish that fact. It seems clear from the evidence that the crash heard by the officers and others was the breaking of the jug of whisky in the bathroom. It also seems clear that no one but appellant was in the bathroom at that time; hence, appellant must have broken it. It is not material who paid the rent on the house, nor whose home it was, for this is not a prosecution for maintaining a liquor nuisance. If appellant was exercising acts of ownership, or proprietorship, of the whisky, which he was doing by attempting to destroy it, he was in possession of it, within the meaning of the law.

In support of the motion for new trial appellant offered the affidavit of D. E. Behmer, who stated that he was present at the trial; that during the noon recess outside of the court room he heard one of the witnesses of the state say to one of the jurymen, "Did you notice how that lawyer tried to rattle me?" Then the juryman said, "Let him rattle you; it makes no difference." Appellant argues that this tended to show such prejudice on the part of the juror that appellant was prevented from having a fair trial. So many inferences might be drawn from the remark that without anything else to interpret it, it cannot be said it showed prejudice on the part of the juror and the court did not err in refusing to grant a new trial because of this affidavit.

The judgment of the court below is affirmed.